# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DANIEL ENNIS, JR.** | **CIVIL ACTION NO. 3:11-cv-0501** |
|     **LA. DOC # 159225** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **NURSE SUSAN CHOATE** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Daniel Ennis, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 25, 2011. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana, and he complains that he has received inadequate medical care. Plaintiff sued Warden Chad Lee, Nurse Susan Choate and the FPDC requesting that his "medical problems [be] taken care of by a doctor" and $1 million for pain and suffering. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Background*

In his original complaint, plaintiff complained of "back and wrist pain." Plaintiff complained to Nurse Randy on six different occasions but received no help. He then was examined by Nurse Susan Choate who referred him to Dr. Reed on June 16, 2010. According to plaintiff, he was sent to the physician without "paper work." (It is unclear whether he was treated.) Plaintiff complained

to Warden Lee on September 20, 2010, and then to the LDOC. He received no answer from Lee or the LDOC but in due course his grievance was answered by Warden Enfinger who directed Nurse Choate to have plaintiff examined by a physician. As of January 18, 2011, plaintiff had not yet seen a physician. [Doc. 1]

Plaintiff was directed to amend his complaint to provide more specific allegations. Among other things he was ordered to describe the nature of his ailment or injury and the type of treatment he is seeking. [Doc. 6]

On July 6, 2011, he responded to the amend order. Again he complained only that he has "been refused the right to go to a doctor for my back and wrist ..." He claimed that he has been in pain "every other day for over a year..." He claims not to know the origin or cause of the pain in his back, but claims to have had an operation on his wrist on some unspecified date. In support of his claim he attached copies of administrative remedies grievances dated September 18, 2010, and September 20, 2010. The grievances also complain about non-specific back and wrist pain. In one of the documents he claimed that he was examined by Dr. Reed in July 2009 and he was prescribed sulfamethoxazole – 800 - 1600 mg – for seven days; according to plaintiff, that treatment regimen "worked for three to four months without much problem." [Docs. 7 and 7-1]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

2


such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v.*

*Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint provided conclusory allegations concerning his medical condition. He was directed to amend his complaint to provide more detailed facts; however, his amended complaint provided little if any factual support for his conclusory claims.

## 2. Juridical Person

Plaintiff sued the FPDC, however, Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether FPDC is an entity which has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. FPDC is not an entity capable of being sued. Plaintiff's suit against this non-juridical entity is frivolous.

## 3. Supervisory Liability

It likewise appears that plaintiff has sued Warden Lee in his supervisory capacity. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983

claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants. Plaintiff has alleged no fault on the part of the Warden and therefore his complaint fails to state a claim for which relief may be granted.

*4. Medical Care*

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious

medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants identified in his pleadings. As a matter of fact, it is manifestly obvious that plaintiff simply disagrees with the decisions of the health care professionals who observed him while he was incarcerated at FPDC. Plaintiff's disagreement with their diagnosis falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Furthermore, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed</u>, <u>and that they drew that inference</u>. *Id.* at 837.

Plaintiff was unable to describe the nature of his condition in these pleadings, and apparently he was unable to articulate the nature of his complaint to the defendants; therefore he cannot establish that the defendants were deliberately indifferent – that is, that they were aware that he faced a substantial risk of serious harm as a result of the untreated and unspecified condition.

Indeed, it appears from the pleadings that the health care professionals who were familiar

with plaintiff's complaints threatened disciplinary action should he continue to make unfounded sick calls. It is safe to assume that these health care professionals concluded that he was malingering because of his continued inability to adequately describe the nature of his complaint or condition. In other words, it appears from the pleadings and exhibits that plaintiff's medical care complaints are fanciful at best. For example, plaintiff contends that his condition improved when he was treated by Dr. Reed in July 2009. According to plaintiff, Dr. Reed prescribed, sulfamethoxazole – 800 - 1600 mg – for seven days and this treatment "worked for three to four months without much problem." [Doc. 7-1] However, sulfamethoxazole is an antibiotic used to treat bacterial infections[1] and it is difficult to fathom how the administration of this medication improved his unspecified back and wrist pain.

In short, plaintiff has provided a conclusory series of allegations concerning the treatment of unspecified problems which allegedly caused pain in his wrist and back. He has not alleged the nature of his injury or medical condition and it appears that he was unable to be more specific when he complained to the health care professionals at FPDC. His failure to allege and demonstrate deliberate indifference warrants dismissal of his complaint for failing to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

---

[1] See Mayo Clinic, Health Information, Drugs and Supplements at, http://www.mayoclinic.com/health/drug-information/DR602685

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, August 12, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE